IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOUSTAFA A. MOHAMED, : | |
| : | Civil Action No. 4: 07-CV-1922 |
| Petitioner, : | |
| : | (Judge McClure) |
| v. : | |
| : | |
| THOMAS DECKER, ALLAN : | |
| SWEENY, DAVID O'NEIL, : | |
| : | |
| Respondents. : | |

**O R D E R**

April 24, 2008

**BACKGROUND:**

On October 22, 2007, Moustafa A. Mohamed, <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Rec. Doc. No. 1.) Mohamed is currently a prisoner detained by United States Immigration and Customs Enforcement (ICE) at Lackawanna County Prison in Scranton, Pennsylvania. In his petition, Mohamed challenges his continued detention by ICE.

On October 23, 2007, we directed the government to respond to Mohamed's petition and denied Mohamed's request for expedited review. (Rec. Doc. No. 6.) On November 13, 2007, the government filed its response. (Rec. Doc. No. 8.) On January 7, 2008, at the direction of the court, the government filed a supplemental response. (Rec. Doc. No. 16.)

On January 9, 2008, we appointed counsel for petitioner. (Rec. Doc. No. 17.) On March 13, 2008, with the permission of the court, petitioner filed a new brief with the assistance of counsel. (Rec. Doc. No. 26.) On March 25, 2008, the government filed its response to that brief. (Rec. Doc. No. 27.)

On April 22, 2008, petitioner filed a reply to the government's second supplemental response (Rec. Doc. No. 34).

Now, for the following reasons, we will order an ICE Immigration Judge to review the custody determination of petitioner.

**STATEMENT OF FACTS:**

Mohamed is a citizen of Egypt who entered the United States on May 6, 2002 as a non-immigrant visitor. (Rec. Doc. No. 1, at 3.) He had authorization to stay until June 5, 2002 but stayed beyond this date. (Id.) At some point, Mohamed was served with a Notice to Appear by the Immigration and Naturalization Service (now Immigration and Customs Enforcement - "ICE") which charged him as being an alien who remained in the United States for longer than permitted. (Id.)

On November 27, 2006, an Immigration Judge ("IJ") granted Mohamed voluntary departure with an alternate order of removal to Egypt. (Rec. Doc. No. 8-2, at 5.) This order directed Mohamed to voluntarily depart by January 26, 2007.

(Id.) Mohamed then appealed the order to the Board of Immigration Appeals ("Board"), which stayed the voluntary departure period. (Id. at 7.)

On December 15, 2006, Mohamed was arrested by the Westchester County Police Department in New York State on a harassment charge. (Rec. Doc. No. 1, at 3.) Upon this arrest, ICE immediately placed a detainer on Mohamed. (Id.) On May 11, 2007, Mohamed pled guilty to the state charge and was sentenced to time served. (Id.) On May 17, 2007, ICE picked up Mohamed from the Westchester County Jail and took him to the Lackawanna County Prison, where many ICE detainees are held. (Id. at 4.) This is where it appears that Mohamed is presently being detained.

On July 27, 2007, the Board affirmed the IJ's order and permitted Mohamed 60 days to voluntarily depart from the United States with an alternate order of removal. (Id. at 8.) Thus, Mohamed had until September 25, 2007 to voluntarily depart.

On August 13, 2007, Mohamed filed a petition for review with the United States Court of Appeals for the Second Circuit. (Id. at 10.) This appeal is currently pending.

**DISCUSSION:**

In our November 30, 2007 order, we directed the government to file a supplemental response providing an explanation as to why petitioner was being detained if he was under a voluntary departure order that had been stayed due to his pending appeal.  (Rec. Doc. No. 9, at 4. In its supplemental response, the government alleges that petitioner's voluntary departure is not stayed due to his pending appeal and that "despite having sixty days to voluntarily depart the United States, Mohamed failed to leave," referring to a deadline of September 25, 2007. (Rec. Doc. No. 16, at 5.)

In our January 9, 2008 order appointing counsel, we noted that the government's response was illogical due to the fact that his detention by ICE began on May 17, 2007, well before the Board's September 25, 2007 deadline.  (Rec. Doc. No. 17, at 6.)  Furthermore, we noted that we did not understand how petitioner was expected to voluntarily depart while in ICE custody.  (Id. at 5.)

In its response to the petitioner's counseled brief, the government now argues that he was originally detained due to his harassment conviction.  (Rec. Doc. No. 27, at 6.)  Furthermore, it argues that ICE continues to detain him because of that conviction and because he has now violated the voluntary departure order by failing to depart by September 25, 2007.  (Id. at 6-8.)

As to the government's argument that petitioner's detention was proper prior

to September 25, 2007 based on his state conviction, we note that ICE placed a detainer on the petitioner upon his arrest, not his conviction. In fact, the notice from ICE to the Westchester County Police Department states that the reason for the detainer is because an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States." (Rec. Doc. No. 1-2, at 6.) Similarly, the notice of custody determination that was issued by ICE on May 15, 2007 states that "pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States," the petitioner shall be "detained in the custody of [ICE]." (Rec. Doc. No. 26-2, Ex. 8.) Thus, it is almost as though ICE was unaware that it had already conducted an "investigation" and made a "determination" that petitioner was subject to removal but would be given an opportunity to voluntarily depart.

     Nevertheless, despite these flaws in the government's contentions, we believe that the Attorney General retains discretion to detain any alien pending a final determination that the alien is subject to removal. 8 U.S.C. § 1226(b). In the instant case, a final determination has not been reached due to petitioner's appeal to the Second Circuit. 8 U.S.C. § 1231(a)(1)(B)(ii). Therefore, the government has discretion to detain petitioner.

     Nevertheless, this does not end our analysis. 8 C.F.R. § 236.1(d)(1) states

that "[a]fter an initial custody determination by the district director . . . the respondent may, at any time before a [removal] order [] becomes final, request amelioration of the conditions under which he or she may be released."  On May 15, 2007, ICE issued a "Notice of Custody Determination" with respect to petitioner in which an ICE official made a determination that petitioner shall be detained in the custody of ICE pending a final determination by an immigration judge.  (Rec. Doc. No. 1-2, at 9.)  This form states that the detainee may request a review of this determination by an immigration judge, presumably pursuant to 8 C.F.R. § 236.1(d)(1), and the petitioner so requested in the instant case.  (Id.)  Yet, the portion of the form in which an immigration judge would have reconsidered petitioner's custody status is blank.  (Id.)  Similarly, the facts as stated by either party do not indicate that an immigration judge reviewed petitioner's custody status after petitioner's request.  Thus, it does not appear that petitioner has had an IJ review his custody status since he was placed into custody.  Therefore, we will order an IJ to review petitioner's custody status to determine whether he should be released pursuant to the original IJ's voluntary departure order.  While the IJ certainly may consider petitioner's state conviction in making a determination that detention should be continued, we do not believe the IJ should consider petitioner's alleged failure to voluntarily depart.  This is because as we have repeatedly

6

mentioned, common sense dictates that voluntary departure does not work when the alien is detained. As we have quoted in two previous orders, the Second Circuit has stated in dicta that voluntary departure allows aliens "to put their affairs in order without fear of being taken into custody at any time." Thapa v. Gonzales, 460 F.3d 323, 328 (2d Cir. 2006). Of course, petitioner was "taken into custody" in the instant case. Therefore, it appears that the wise choice in the event that the IJ determines that petitioner need not be detained based on his state conviction would be an order releasing petitioner so that he may voluntarily depart, which would benefit both parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Respondents are ordered to have an IJ review the petitioner's custody determination pursuant to 8 C.F.R. § 236.1(d)(1) no later than May 23, 2008.

2. Upon conclusion of this review, the respondents are ordered to inform the court as to the decision.

          s/ James F. McClure, Jr.
          James F. McClure, Jr.
          United States District Judge