IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOUSTAFA A. MOHAMED, : | |
| : | Civil Action No. 4: 07-CV-1922 |
| Petitioner, : | |
| : | (Judge McClure) |
| v. : | |
| : | |
| THOMAS DECKER, ALLAN : | |
| SWEENY, DAVID O'NEIL, : | |
| : | |
| Respondents. : | |

**O R D E R**

August 20, 2008

**BACKGROUND:**

On October 22, 2007, Moustafa A. Mohamed, pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Rec. Doc. No. 1.) Mohamed is a prisoner detained by United States Immigration and Customs Enforcement (ICE) who was previously located at Lackawanna County Prison in Scranton, Pennsylvania and is currently located at Pike County Correctional Facility in Lords Valley, Pennsylvania. In his petition, Mohamed challenges his continued detention by ICE.

Counsel has been appointed for petitioner. On April 24, 2008, we ordered respondents to have an Immigration Judge (IJ) review the custody determination of petitioner no later than May 23, 2008 and ordered them to inform the court as to

the IJ's decision.

On May 9, 2008, after concluding that an IJ would not have jurisdiction over petitioner's custody status, we granted respondents' motion for reconsideration and ordered the District Director or the Director of Detention and Removal Field Office to conduct a custody review of petitioner pursuant to 8 C.F.R. § 1241.4. Furthermore, we ordered respondents to inform the court as to the custody decision as well as the grounds for that decision in the event that detention is continued.

On July 30, 2008, the respondents filed a status report which stated that petitioner's custody status had been reviewed by an ICE Field Office Directory and that he had exercised his discretion to detain petitioner. (Rec. Doc. No. 51.) For the following reasons, we will now deny the petition.

**STATEMENT OF FACTS:**

Mohamed is a citizen of Egypt who entered the United States on May 6, 2002 as a non-immigrant visitor. (Rec. Doc. No. 1, at 3.) He had authorization to stay until June 5, 2002 but stayed beyond this date. (Id.) At some point, Mohamed was served with a Notice to Appear by the Immigration and Naturalization Service (now Immigration and Customs Enforcement - "ICE") which charged him as being an alien who remained in the United States for longer than permitted. (Id.)

On November 27, 2006, an Immigration Judge ("IJ") granted Mohamed voluntary departure with an alternate order of removal to Egypt. (Rec. Doc. No. 8-2, at 5.) This order directed Mohamed to voluntarily depart by January 26, 2007. (Id.) Mohamed then appealed the order to the Board of Immigration Appeals ("Board"), which stayed the voluntary departure period. (Id. at 7.)

On December 15, 2006, Mohamed was arrested by the Westchester County Police Department in New York State on a harassment charge. (Rec. Doc. No. 1, at 3.) Upon this arrest, ICE immediately placed a detainer on Mohamed. (Id.) On May 11, 2007, Mohamed pled guilty to the state charge and was sentenced to time served. (Id.) On May 17, 2007, ICE picked up Mohamed from the Westchester County Jail and took him to the Lackawanna County Prison, where many ICE detainees are held. (Id. at 4.)

On July 27, 2007, the Board affirmed the IJ's order and permitted Mohamed 60 days to voluntarily depart from the United States with an alternate order of removal. (Id. at 8.) Thus, Mohamed had until September 25, 2007 to voluntarily depart.

On August 13, 2007, Mohamed filed a petition for review with the United States Court of Appeals for the Second Circuit. (Id. at 10.) This appeal is currently pending.

**DISCUSSION:**

As we stated in our April 24, 2008 order, the Attorney General retains discretion to detain any alien pending a final determination that the alien is subject to removal. 8 U.S.C. § 1226(b). In the instant case, a final determination has not been reached due to petitioner's appeal to the Second Circuit. 8 U.S.C. § 1231(a)(1)(B)(ii). Therefore, the government has discretion to detain petitioner.

Yet, we also noted in that order that the respondents had failed to comply with 8 C.F.R. § 236.1(d)(1), which states that "[a]fter an initial custody determination by the district director . . . the respondent may, at any time before a [removal] order [] becomes final, request amelioration of the conditions under which he or she may be released." Similarly, we noted that the "Notice of Custody Determination" with respect to petitioner indicated that petitioner had requested a final determination of his custody status by an Immigration Judge and respondents had failed to provide it. Therefore, we ordered the ICE District Director or the Director of Detention and Removal Field Office to review petitioner's custody status and required them to provide the court with an explanation of their decision in the event that detention is continued.

In its July 30, 2008 status report, respondents attached a custody review recommendation that was made by several ICE officials as well as a custody

review determination that was made by an ICE Field Office Director.  (Rec. Doc. No. 51-2, Ex. A and B)  The ICE officials recommended that petitioner remain in ICE custody pending his appeal to the Second Circuit and the Field Office Director concurred in the recommendation and issued a determination that petitioner should remain in ICE Custody.  (<u>Id.</u>)  Specifically, the Field Office Director stated that petitioner's Immigration Bond, which stated that the bond shall be cancelled if petitioner is detained for 30 days pursuant or prior to a conviction by local, state, or federal authorities, was clearly violated because of his incarceration for his state conviction.  (<u>Id.</u> at 11.)  The Field Office Director went on to conclude that petitioner's state conviction also demonstrates that he is unwilling to abide by the conditions of his release and that he would pose a threat to society if released.  (<u>Id.</u> at 14.)  Therefore, the Field Office Director elected to continue petitioner's detention.  (<u>Id.</u>)

    We conclude that the Field Office Director has adequately explained his decision to continue petitioner's detention and has provided sufficient justification for petitioner's continued detention.  In so concluding, we find that ICE has validly exercised its discretion in detaining petitioner.  Therefore, petitioner is not entitled to habeas corpus relief and we will deny his petition.

    Finally, we note that on August 5, 2008, petitioner filed a <u>pro se</u> "Motion for

a Temporary Restraining Order." (Rec. Doc. No. 55.) Because we are denying the petition and because petitioner is currently represented by counsel, we will deny this motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Moustafa A. Mohamed's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

2. Moustafa A. Mohamed's "Motion for a Temporary Restraining Order" is DENIED. (Rec. Doc. No. 55.)

3. The clerk is directed to close the case file.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge